This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                    **No. 30,306**

**EDWARD ORYEM,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SOCORRO COUNTY**
**Edmund H. Kase III, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Edward Oryem
Columbus, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant appeals the judgment and remand order entered by the district court pertaining to the charge of failing to dim headlights under NMSA 1978, Section 66-3-

831 (1978). We proposed to affirm in a calendar notice, and we have received a response from Defendant. We have considered Defendant's arguments in opposition to the discussion in our calendar notice, but we are not persuaded that affirmance is not the correct disposition in this case. We therefore affirm.

In our calendar notice, we explained that Defendant was charged with violation of Section 66-3-831 because he failed to dim his headlights when an oncoming vehicle approached, and we included an analysis of the sufficiency of the evidence. In his memorandum in opposition, Defendant argues that there were dead animals and tire debris on the road, and there was no vehicle in front of him. [MIO 1, 3]

As explained in our calendar notice, we review the evidence in the light most favorable to the decision below, and we indulge all reasonable inferences and resolve all conflicts in the evidence in favor of that decision. *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. As we discussed in our notice, the officer testified that it was very dark, that there was no doubt that Defendant had engaged his "high beams," that Defendant provided the officer with his reason for having the "high beams" engaged, and the light bothered the officer's eyes. [RP 280D-E] The officer testified that he was traveling in the opposite direction than Defendant. [RP 280D] Section 66-3-831(A) requires that a driver approaching an oncoming vehicle "shall use a distribution of light or composite beam so aimed that

the glaring rays are not projected into the eyes of the oncoming driver[.]" In this case, there was evidence presented that Defendant was approaching the officer's vehicle, he had his high-beam headlights engaged, he failed to dim his headlights, and the lights bothered the officer's eyes. Although Defendant claimed that he did not dim his headlights for safety reasons, the district court rejected Defendant's excuse. The district court explained that the purpose of the statute is to ensure safety to drivers, and if Defendant is aware of debris on the road, he has a duty to slow down and comply with the statute with respect to the use of headlights. [RP 280L] We hold that there was sufficient evidence presented to the district court to show that Defendant violated the statute.

We affirm the district court's decision.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**

_____
**TIMOTHY L. GARCIA, Judge**